UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BEVERLY AHNERT, Individually and as Executrix
of the Estate of Daniel Ahnert, Deceased.

        Plaintiffs,

v.                                    Case No. 10-cv-156-PP

EMPLOYERS INSURANCE COMPANY
OF WAUSAU, SPRINKMANN SONS CORPORATION,
WISCONSIN ELECTRIC POWER COMPANY, AND
PABST BREWING COMPANY,

        Defendants.

---

BEVERLY AHNERT, Individually and as Executrix
of the Estate of Daniel Ahnert, Deceased.

        Plaintiffs,

v.                                      Case No. 13-cv-1456-CNC

EMPLOYERS INSURANCE COMPANY OF WAUSAU,
PABST BREWING COMPANY,
SPRINKMANN SONS CORPORATION, AND
WISCONSIN ELECTRIC POWER COMPANY,

        Defendants.

---

**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT FILED BY EMPLOYERS INSURANCE COMPANY OF WAUSAU, WISCONSIN ELECTRIC POWER COMPANY, AND PABST BREWING COMPANY (DKT. NOS. 52, 55, AND 58), GRANTING PLAINTIFFS' SECOND MOTION TO CONSOLIDATE CASES 10-CV-1056 AND 13-1456 (DKT. NO. 89), GRANTING PLAINTIFF'S MOTION FOR ORDER ON SCHEDULING DATES (DKT. NO. 100), AND SETTING STATUS CONFERENCE**

---

1

Case 2:10-cv-00156-PP    Filed 03/31/17    Page 1 of 6    Document 101

This case comes to the court in an interesting procedural posture. Plaintiff Beverly Ahnert has filed two cases in this district, arising out of her husband's alleged exposure to asbestos. Beverly and Daniel Ahnert filed this case after Daniel Ahnert was diagnosed with non-malignant asbestosis, and the case was transferred to Multidistrict Litigation (MDL) 875 in the Eastern District of Pennsylvania for discovery. Dkt. No. 1, 28. After Daniel Ahnert died of mesothelioma, Beverly Ahnert filed the second case against many of the same defendants, adding a wrongful death cause of action. Case No. 13-cv-1456-cnc. That case has remained in this district, but is assigned to a different judge. Consequently, the same parties have conducted discovery and filed summary judgment motions in as many as three courts regarding the same alleged exposure. Notably, the MDL court denied summary judgment motions filed by defendants Sprinkmann Sons Corporation ("Sprinkmann"), Pabst Brewing Company ("Pabst"), and Wisconsin Electric Power Company ("Wisconsin Electric") on the issue of causation, but it severed the punitive and compensatory damages claims before transferring the case back to this court. Similarly, Judge Charles N. Clevert, Jr. denied the summary judgment motions filed by these same defendants in this district. Case No. 13-cv-1456-CNC.

At this stage, Sprinkmann, Pabst and Wisconsin Electric have moved for summary judgment in this court, and those motions remain pending. In addition, Beverly Ahnert has asked this court to set dates, and has renewed her request to consolidate the two cases. The court will deny the summary

2

judgment motions, consolidate the cases and set a status conference to discuss all future proceedings.

### A. Defendants' Motions for Summary Judgment (Dkt. Nos. 52, 55, 58)

On August 4, 2014, the Eastern District of Pennsylvania court denied summary judgment motions filed by Sprinkmann, Pabst, and Wisconsin Electric, after finding that causation was an issue for the jury. Dkt. Nos. 67-3, 67-4, 67-5. With respect to Sprinkmann, the court denied summary judgment on the ground that "a reasonable jury could conclude from the evidence that Decedent was exposed to respirable asbestos from insulation disturbed by Sprinkmann employees during maintenance work such that it was a 'substantial factor' in the development of his illness." Dkt. 67-3. At the same time, the court granted Sprinkmann's motion with respect to exposure at "about six Milwaukee Public Schools during the period 1958 to 1966." Id. The court denied both Pabst and Wisconsin Electric's summary judgment motions on the issue of causation. Dkts. 67-4 and 67-5. The MDL court then remanded with instructions for this court to address the Wisconsin construction statute of repose and the Safe Place Act. The court severed the questions of punitive and compensatory damages and retained those issues in the Eastern District of Pennsylvania.

Once it received the order of the transferee court, this court instructed Beverly Ahnert, Sprinkmann and Pabst to file simultaneous motions for summary judgment only on the issues of the statute of repose and the Safe

Place Act. Dkt. No. 44. The court later granted an extension of time for Sprinkmann and Pabst to update their motions for summary judgment on those same two issues.

Despite the court's instructions, Wisconsin Electric, Sprinkmann and Pabst filed motions for summary judgment, not only on the issues the court identified, but on causation and punitive damages. Dkt. Nos. 52, 55, and 58. Beverly Ahnert filed a supplemental response with exhibits, but chose to follow the briefing format used in the Eastern District of Pennsylvania, rather than the Civil Local Rules of this district. See Civil L.R. 56(b)(2)(B)(E.D. Wis.).

The court has determined that genuine issues of material fact preclude the grant of summary judgment as to the remaining defendants. The court will issue separate orders, explaining its reasons for its conclusions.

### B.   Plaintiffs' Second Motion to Consolidate Cases

On November 28, 2014, Beverly Ahnert moved to consolidate the two cases pending in this district: this case, and 13-cv-1456-CNC. Dkt. No. 35. During the April 6, 2015, hearing on that motion, the court noted the different procedural postures of the cases, the additional defendants named in 13-cv-1456-CNC and the additional cause of action in 13-cv-1456-CNC (wrongful death). Dkt. No. 44. On September 3, 2015, this court denied the consolidation motion without prejudice, noting the "veritable avalanche of pleadings" filed in Case No. 13-cv-1456-CNC since April. Dkt. No. 79. The court permitted the parties to renew the motion "at such time as it appears that the cases are more congruent in terms of readiness for trial." Id. On February 23,

4

Case 2:10-cv-00156-PP    Filed 03/31/17    Page 4 of 6    Document 101

2016, the plaintiffs filed a second motion to consolidate cases, and attached Judge Clevert's orders denying summary judgment. Dkt. No. 89. Sprinkmann, Employers Insurance of Wausau and Wisconsin Electric filed a joint brief in opposition to plaintiffs' motion to consolidate, citing the pending summary judgment motions and asking that if the court denied those motions, it give them time to address the potential conflicting scope of admissible evidence in the two cases. Dkt. No. 91.

Under the Federal Rule of Civil Procedure Rule 42(a), if multiple actions "before the court involve a common question of law or fact, the court may: join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." In deciding whether to consolidate cases, courts exercise broad discretion, and the rule was designed to encourage consolidation where possible. United States v. Knauer, 149 F.2d 519, 520 (7th Cir. 1945). The Seventh Circuit prefers to avoid unnecessary duplication of efforts in related cases and promote judicial economy and efficiency. See Equal Employment Opportunity Comm.'n v. G-K-G, Inc., 39 F.3d 740, 745 (7th Cir.1994). Courts should not consolidate cases if consolidation would lead to confusion or prejudice. Knauer, 149 F.2d at 520.

It appears that the two cases involve a common core of factual questions and legal issues. Fact witnesses and experts will testify regarding exposure and medical causation, and their testimony likely is relevant to both cases. The summary judgment submissions indicate that the factual questions will involve similar witnesses and exhibits. The parties will need to address the issues

created by the scope of discovery in the MDL versus the wrongful death case. In the absence of consolidation, there is a risk that two judges would preside over two trials with inconsistent rulings or verdicts. To conserve judicial resources and in the absence of any prejudice shown by the defendants, the court will consolidate the cases for future proceedings.

### C. Conclusion

The court **DENIES** the motions for summary judgment filed by Sprinkmann, Employers Insurance of Wausau, Wisconsin Electric, and Pabst. Dkt. Nos. 52, 55 and 58.

The court **GRANTS** plaintiffs' second motion to consolidate Case Nos. 10-cv-156-pp and 13-cv-1456 for all future proceedings. Dkt. No. 89.

The court **GRANTS** plaintiffs' motion for order setting dates. Dkt. No. 100.

The parties shall appear for a status conference on **May 15, 2017** at **3:00 PM**. The parties may appear by telephone for the hearing by calling the court's conference line at 888-557-8511 and using the access code 4893665#.

Dated in Milwaukee, Wisconsin, this 31st day of March, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge