IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

BEVERLY AHNERT, individually and as Executrix
of the Estate of DANIEL AHNERT, Deceased,

        Plaintiff,

v.

Case No. 2:10-CV-156-PP

EMPLOYERS INSURANCE COMPANY OF WAUSAU,
PABST BREWING COMPANY,
SPRINKMANN SONS CORPORATION and
WISCONSIN ELECTRIC POWER COMPANY,

        Defendants.

BEVERLY AHNERT, individually and as Executrix
of the Estate of DANIEL AHNERT, Deceased,

       Plaintiff,

v.

Case No. 2:13-Cv-1456-CNC

EMPLOYERS INSURANCE COMPANY OF WAUSAU,
PABST BREWING COMPANY,
SPRINKMANN SONS CORPORATION and
WISCONSIN ELECTRIC POWER COMPANY,

       Defendants.

**SPRINKMANN SONS CORPORATION, EMPLOYERS INSURANCE COMPANY OF WAUSAU AND WISCONSIN ELECTRIC POWER COMPANY'S RESPONSE TO PLAINTIFF'S *DAUBERT* MOTION REGARDING "ANY EXPOSURE" AND "EVERY EXPOSURE"**

Defendants, SPRINKMANN SONS CORPORATION (hereinafter "Sprinkmann"), EMPLOYERS INSURANCE COMPANY OF WAUSAU (hereinafter "Employers") and WISCONSIN ELECTRIC POWER COMPANY (hereinafter "WEPCO"), by their attorneys,

CRIVELLO CARLSON, S.C., submit this brief in response to Plaintiff's *Daubert* Motion regarding "Any Exposure" and "Every Exposure".

In her motion, Plaintiff states that "Plaintiffs' experts will not offer testimony that 'any exposure' or 'every exposure' is a cause of mesothelioma providing that Defendants do not offer such testimony in direct or cross examination." (*See* Plaintiff's Daubert Motion Regarding "Any Exposure" and "Every Exposure", p. 1, ¶ 1). The Motion further states "Plaintiffs' adopt and incorporate Defendants' anticipated *Daubert* briefing which seeks to exclude the 'any exposure' and/or 'every exposure' theories of causation." (*Id.*, p. 1, ¶ 2). Plaintiff's Motion is improper because it misstates Plaintiff's own experts' opinions and testimony, and then wants to limit Defendants' right to cross-examine these experts and/or mention that testimony at trial. Plaintiff wants her cake and to eat it too. By claiming her experts don't have certain opinions (when they do have a variant of those opinions now, and have had those exact opinions many times in the past), Plaintiff seeks to tie the hands of Defendants and not allow them to cross-examine Plaintiff's experts for bias, credibility or failure to meet *Daubert* requirements.

This Motion lacks merit for many reasons. First of all, Plaintiff's experts in this case have issued reports and offered testimony using language similar to "any exposure" or "every exposure." *See, e.g.,* Expert Report of Henry Anderson (Affidavit of Travis J. Rhoades (hereinafter "Rhoades Aff."), Exhibit A, Expert Report of Dr. Henry Anderson, dated September 13, 2014); *see also* Deposition of Dr. Henry Anderson taken on July 31, 2017 (Rhoades Aff., Exhibit B, Deposition of Henry Anderson, taken on July 31, 2017, pp. 58-60).

Secondly, in numerous prior asbestos cases, Plaintiff's experts have issued reports and given testimony using the "any exposure" or "every exposure" language. *See, e.g.*, testimony of Henry Anderson in *Robert N. Rygh, et al. v. General Electric Company, et al*, Rock County Case

No. 2011-CV-1965 (Rhoades Aff., Exhibit C, Deposition of Henry Anderson, taken April 15, 2013 in *Robert N. Rygh, et al. v. General Electric Company, et al*, Rock County Case No. 2011-CV-1965, p. 25); and the trial testimony of Henry Anderson taken on July17, 2008 in the jury trial of *Colleen Lemberger, et al. v. The Anchor Packing Company, et al.*, Milwaukee County Case No. 2005-CV-10416 (Rhoades Aff., Exhibit D, Trial Testimony of Henry Anderson, Volume 4, taken July 17, 2008 in *Colleen Lemberger, et al. v. The Anchor Packing Company, et al.*, Milwaukee County Case No. 2005-CV-10416, p. 810). To the extent Plaintiff's experts have changed their opinions regarding exposures and causation, this is fair game for cross-examination. FED.R.EVID. 607, 702. In other words, where Plaintiff's experts have modified their opinions on causation (due to various court's rulings that precluded those opinions or instructions by Plaintiff's counsel or for any other reason), Defendants have the right to cross-examine those experts.

Third, with respect to other exposures such as those reflected in Plaintiff's claims to bankruptcy trusts, Plaintiff's experts' (past and present) opinions are one of the ways to show those entities should be placed on the verdict form. (Rhoades Aff., Exhibit B, Deposition of Henry Anderson, taken on July 31, 2017, p. 58).

For all of these reasons, Defendants respectfully request the Court deny Plaintiff's Daubert Motion regarding "Any Exposure" or "Every Exposure".

Dated this 16th day of October, 2017.

        BY:   */s/ Travis J. Rhoades*
           JAMES A. NIQUET, ESQ.
           Wisconsin State Bar No. 1013012
           TRAVIS J. RHOADES
           Wisconsin State Bar No. 1033267
           LAURA E. SCHUETT
           Wisconsin State Bar No. 1011089
           CRIVELLO CARLSON, S.C.
           Attorneys for Defendants
           Sprinkmann Sons Corporation, Employers
           Insurance Company and Wisconsin Electric
           Power Company
           710 North Plankinton Avenue, Suite 500
           Milwaukee, Wisconsin 53203
           Phone: 414-271-7722

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2017, I electronically filed with the Clerk of the Court the above **SPRINKMANN SONS CORPORATION, EMPLOYERS INSURANCE COMPANY OF WAUSAU AND WISCONSIN ELECTRIC POWER COMPANY'S RESPONSE TO PLAINTIFF'S *DAUBERT* MOTION REGARDING "ANY EXPOSURE" AND "EVERY EXPOSURE",** using the ECF system in the above matter, which will send notification of such filing upon all other parties who have appeared.

Dated this 16th day of October, 2017.

BY: */s/ Travis J. Rhoades*
JAMES A. NIQUET, ESQ.
Wisconsin State Bar No. 1013012
TRAVIS J. RHOADES
Wisconsin State Bar No. 1033267
LAURA E. SCHUETT
Wisconsin State Bar No. 1011089
CRIVELLO CARLSON, S.C.
Attorneys for Defendants
Sprinkmann Sons Corporation, Employers Insurance Company and Wisconsin Electric Power Company
710 North Plankinton Avenue, Suite 500
Milwaukee, Wisconsin 53203
Phone: 414-271-7722
Fax: 414-271-4438