UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: January 4, 2018
JUDGE: Pamela Pepper
CASE NO: 2010-cv-156
CASE NAME: Daniel Ahnert, *et al.* v. Employers Insurance Company of Wausau, *et al.*
NATURE OF HEARING: Hearing on Daubert motions and motions *in limine*
APPEARANCES: Robert McCoy – Attorney for the plaintiffs
Travis Rhoades – Attorney for Employers Insurance Co. of Wausau, Sprinkmann Sons Corp., and Wisconsin Electric Power Co.
Laura Schuett – Attorney for Employers Insurance Co. of Wausau, Sprinkmann Sons Corp., and Wisconsin Electric Power Co.
Joshua Schumacher – Attorney for Pabst Brewing Co.
LAW CLERK: Joan Harms
COURTROOM DEPUTY: Kristine Wrobel
TIME: 1:43 p.m. – 5:54 p.m.

Before addressing the Daubert motions and motions *in limine*, the court addressed a couple of miscellaneous items. First, the court addressed the plaintiffs' motion asking the court to issue an order appying the MDL-875 expert deposition protocol order for fee payment to the consolidated Ahnert case (13-cv-1456) pending before the court. Dkt. No. 110. The court denied the motion, but noted that if the parties had disputes over requested fees, they could present those to this court as they would in any other case.

In that regard, the court also noted that there appeared to be a dispute over the fees—particularly whether the plaintiffs had submitted itemized billing statements supporting their fees and costs. Counsel for the plaintiffs told the court that the parties had not resolved that issue, and asked the court to impose a timeframe for submitting the bills. Counsel stated that he could submit itemized billing statements to counsel for the defendants within a week. Counsel for the defendants responded that he would need to review the itemized statements before he'd know whether he had any objections, but anticipated that he could quickly turn around any objections.

The court imposed the following schedule: The plaintiffs shall turn over to the defendants any itemized bills by January 12, 2018; the defendants shall file objections (if any) by January 26, 2018; and the plaintiffs may reply (if they choose to do so) by February 9, 2018. The court explained to the parties that they could request additional time to file any of the above documents, if necessary.

The court then turned to the Daubert motions, which the parties had fully briefed. The court explained, in detail, its rulings on each Daubert motion.

1

The rulings appear below. The court also took up the parties' motions *in limine*. After hearing argument, the court ruled on many of the motions, although it deferred ruling on some pending additional information from the parties. Those rulings appear below.

The court **DENIES** the plaintiffs' motion to apply MDL-875 expert deposition protocol order for fee payment to consolidated Ahnert case. Dkt. No. 110.

The court **GRANTS** the plaintiffs' Daubert motion to strike and limit untimely disclosed trial witnesses. Dkt. No. 114.

The court **GRANTS** the plaintiffs' motion to order that no party may argue the "any exposure" and "each and every exposure" theories of causation. Dkt. No. 115. (The Seventh Circuit's decision in Krik v. Exxon Mobil Corp., 870 F.3d 669 (7th Cir. 2017) prohibits such testimony/argument even without this court's ruling.)

The court **GRANTS** defendant Pabst Brewing Company's motion to bar the opinions and testimony of Henry Anderson, M.D., Arnold Brody, Ph.D., and Brent Staggs, M.D. under Daubert to the extent that the plaintiffs planned to elicit from them trial testimony regarding specific causation (in other words, the court ruled that none of the proposed expert witnesses could testify to opinions about whether the defendants, or asbestos which may have been in the defendants' premises, caused Daniel Ahnert's illnesses or death). The court ruled that the witnesses could offer general testimony about asbestos and/or the relationship between asbestos and diseases. Dkt. No. 116.

The court **GRANTS** defendant Pabst Brewing Company's motion to bar the reports, opinions, and testimony of Kenneth Garza, CIH, under Daubert. Dkt. No. 118.

The court **GRANTS** defendant Pabst Brewing Company's motion for leave to join defendants Sprinkmann, Employers Insurance and WEPCO's brief in support of Daubert motion to preclude certain testimony of family practice physician Vernon Ellis. Dkt. No. 120.

The court **GRANTS** defendants Sprinkmann, Employers Insurance Company and WEPCO's motion to strike and exclude testimony of Kenneth Garza and Henry Anderson, M.D., with the exception that Henry Anderson, M.D. may testify generally about asbestos and the relationship between asbestos and diseases. The court also **GRANTS** the defendants' motion to strike and exclude the testimony of family practice physician Vernon Ellis, except to the extent that, as his treating physician, Dr. Ellis may testify about the condition of Daniel Ahnert's health at any particular point in time. Dkt. No. 122. (Dr. Ellis may not testify as to causation.)

The court **GRANTS** Sprinkmann, Employers and WEPCO's motion to exclude any reference to liability insurance. Dkt. No. 125, #1.

The court **GRANTS** Sprinkmann, Employers and WEPCO's motion to exclude references to other actions against Sprinkmann and WEPCO. Dkt. No. 125, #2.

The court **DEFERS** ruling on Sprinkmann, Employers and WEPCO's motion to preclude plaintiffs from referring to other Sprinkmann Companies outside the state of Wisconsin. Dkt. No. 125, #3.

The court **DENIES AS MOOT** Sprinkmann, Employers and WEPCO's motion to preclude introduction of workers compensation records as to WEPCO, and **DEFERS** ruling on the motion with regard to Sprinkmann. Dkt. No. 125, #4.

The court **GRANTS** Sprinkmann, Employers and WEPCO's motion to preclude plaintiffs from presenting evidence of disease in individuals other than Mr. Ahnert. Dkt. No. 125, #5.

The court **DENIES AS PREMATURE** Sprinkmann, Employers and WEPCO's motion to exclude invoices, material registers, sales documents or purchase orders. The plaintiffs shall produce to the defendants the proposed summary of all invoices and other records, and defendants shall have an opportunity to respond. Dkt. No. 125, #6.

The court **GRANTS** Sprinkmann, Employers and WEPCO's motion to prohibit the use of the terms "asbestos industry" or "member of the asbestos industry" in the presence of the jury. Dkt. No. 125, #7.

The court **DENIES AS PREMATURE** Sprinkmann, Employers and WEPCO's motion for an order requiring all potentially responsible parties to be included on the special verdict form. The court will decide what parties shall appear on the special verdict form after hearing the evidence at trial. Dkt. No. 125, #8.

The court **GRANTS** Pabst Brewing Company's motion to exclude non-party witnesses from the courtroom. Dkt. No. 126, #1.

The court **GRANTS** Pabst Brewing Company's motion to exclude any reference to insurance. Dkt. No. 126, #2.

The court **GRANTS** Pabst Brewing Company's motion to exclude evidence pertaining to Mrs. Ahnert's breast cancer and overall health. Dkt. No. 126, #3.

The court **GRANTS** Pabst Brewing Company's motion to exclude references to other actions against Pabst. Dkt. No. 126, #4.

The court **GRANTS** Pabst Brewing Company's motion to preclude plaintiff from presenting evidence of disease in individuals other than Mr. Ahnert. Dkt. No. 126, #5.

The court **GRANTS** Pabst Brewing Company's motion prohibiting the use of the terms "asbestos industry" or "members of the asbestos industry" in the presence of the jury. Dkt. No. 126, #6.

The court **GRANTS** Pabst Brewing Company's motion to exclude reference or comments that Pabst "profits at the expense of others." Dkt. No. 126, #7.

The court **GRANTS** Pabst Brewing Company's motion to exclude reference to, and comments regarding, attempts to settle and/or settlement negotiations between plaintiff and Pabst. Dkt. No. 126, #8.

The court **GRANTS** Pabst Brewing Company's motion to preclude the plaintiff from referencing the fact that no corporate representative is present at trial. Dkt. No. 126, #9.

The court **GRANTS** Pabst Brewing Company's motion to exclude reference to the number of asbestos-related workers compensation claims filed against Pabst. Dkt. No. 126, #10.

The court **DENIES AS PREMATURE** Pabst Brewing Company's motion to exclude reference to or use any prior deposition testimony unless Pabst was present and had the opportunity to object and/or cross-examine the witness and that plaintiffs show the requisite relevance and materiality of such testimony to this case. No deposition testimony has been designated at this point. Dkt. No. 126, #11.

The court **GRANTS** Pabst Brewing Company's motion to exclude demonstrative evidence involving asbestos-containing products not used by the plaintiff or with which plaintiff did not have contact. Dkt. No. 126, #12.

The court **GRANTS** Pabst Brewing Company's motion to exclude reference to or comment by any lay witness that plaintiffs' injury was caused by asbestos. Dkt. No. 126, #13.

The court **GRANTS** Pabst Brewing Company's motion to exclude evidence of co-workers' injuries or deaths related to asbestos exposure. Dkt. No. 126, #14.

The court **DENIES AS PREMATURE** Pabst Brewing Company's motion to exclude references to or comments on the knowledge or information or documents possessed by trade organization and industry groups that Pabst is

4

not a part of which has the effect in imputing knowledge of the purported hazards of asbestos exposure to Pabst. Dkt. No. 126, #15.

The court **GRANTS** Pabst Brewing Company's motion to exclude any reference or comment concerning the amount of money or time spent by defendant in defending this matter. Dkt. No. 126, #16.

The court **GRANTS** the defendant Pabst Brewing Company's motion to exclude reference to or comments that label defense counsel as "asbestos defense lawyers" and label plaintiffs as "asbestos victims." Dkt. No. 126, #17.

The court **DENIES AS PREMATURE** Pabst Brewing Company's motion to exclude mentioning, referencing or introducing evidence of any prior action and/or omission on the part of Pabst that is not directly related to the incident and allegations at issue. Dkt. No. 126, #18.

The court **DENIES** Pabst Brewing Company's motion to exclude mentioning, referencing or introducing evidence of any subsequent remedial measures or actions; such information/evidence is relevant to the Safe Place Act claim. Dkt. No. 126, #19.

The court **GRANTS** Pabst Brewing Company's motion to exclude evidence of conditions at defendant's premises other than where plaintiff allegedly worked. Dkt. No. 126, #20.

The court **GRANTS** Pabst Brewing Company's motion to exclude mentioning, referencing or introducing post-exposure evidence on direct examination. Dkt. No. 126, #21.

The court **GRANTS** Pabst Brewing Company's motion to exclude reference to or comment on the financial condition of Pabst in plaintiffs' case-in–chief or at any time. Dkt. No. 126, #22.

The court **DENIES AS PREMATURE** Pabst Brewing Company's motion to exclude purchase orders, receipts, bills of sale and/or other documents having as their subject matter asbestos-containing products not used in the course of plaintiffs' work. The plaintiffs shall provide the defendants with their proposed summary of these records, and the court will give the defendants time to respond. Dkt. No. 126, #23.

The court **GRANTS** Pabst Brewing Company's motion to exclude all anecdotal testimony or documents concerning product use, bodily injury, death, causation and/or other condition alleged to be asbestos-related. The court will entertain specific objections at trial. Dkt. No. 126, #24.

The court **DENIES AS PREMATURE** Pabst Brewing Company's motion to exclude imputed knowledge of the purported hazards of asbestos exposure to this defendant. Dkt. No. 126, #25.

The court **GRANTS** Pabst Brewing Company's motion to exclude testimony from William LaPointe. Dkt. No. 126, #26.

The court **GRANTS** Pabst Brewing Company's motion to exclude deposition testimony of Daniel Ahnert, to the extent that the motion alleges that the deposition testimony does not constitute a dying declaration (a statement under the belief of imminent death) under the hearsay exception in Fed. R. Evid. 804(b)(2). Dkt. No. 126, #27.

The court **DEFERS** ruling on Pabst Brewing Company's motion to exclude testimony of Ralph Van Beck and Jack Wetzel as to Pabst and to limit the exposure at issue as to Pabst to a two-month period between 1955-1959. The parties shall provide the court with additional information regarding the time period during which Daniel Ahnert worked at the Pabst facility. Dkt. No. 127

The court **DENIES** the plaintiffs' motion asking the court to preclude reference to any affirmative defenses or other legal arguments which are dispositive motions that should have been pursued at the summary judgment stage. Dkt. No. 129, #1.

The court **DENIES** the plaintiffs' motion asking the court to preclude any references to the fact that the plaintiff made claims against defendants who were granted summary judgment in this case unless the particular defendant was granted summary judgment on the basis that there could not have been any exposure attributable to that defendant. Dkt. No. 129, #2.

The court **DENIES AS PREMATURE** the plaintiffs' motion asking the court to find that all asbestos exposure evidence is admissible to prove the cause of any of Daniel Ahnert's asbestos-related conditions. Dkt. No. 129, #3.

The court **DENIES** the plaintiffs' motion asking the court to exclude evidence that any other court has barred or limited testimony of any expert called by plaintiffs in this case. Dkt. No. 129, #4.

The court **DENIES** the plaintiffs' motion asking the court to exclude evidence that medical conditions other than mesothelioma and asbestosis were "causes" of Daniel Ahnert's death. Dkt. No. 129, #5.

The court **DENIES** plaintiffs' motion asking the court to exclude evidence that the plaintiff sustained or suffered any medical condition, accident, toxic

exposure or injury other than malignant or non-malignant asbestos disease. Dkt. No. 129, #6.

The court **GRANTS** the plaintiffs' motion to exclude evidence that cigarette smoking causes mesothelioma. Dkt. No. 129, #7.

The court **DEFERS** ruling on the plaintiffs' motion to exclude evidence of work history produced in discovery regarding "claimed" locations of suspected asbestos exposure. Dkt. No. 129, #8.

The court **GRANTS** the plaintiffs' motion to exclude evidence that the plaintiff has received, has been entitled to receive, or has applied for benefits of any kind from a collateral source, including, but not limited to, the following:

   a. Benefits from hospitalization, medical or other collateral insurance coverage;
   b. Social Security and pensions, whether a union pension or otherwise; and,
   c. Life insurance proceeds. Dkt. No. 129, #9.

The court **DEFERS** ruling on the plaintiffs' motion to exclude any evidence that plaintiff has received, has been entitled to receive or will in the future receive, monies in settlement of claims against other parties or non-parties. The court does not have sufficient information to rule at this time. Dkt. No. 129, #10.

The court **DEFERS** ruling on the plaintiffs' motion to exclude references, other than during jury selection, to names of persons as being potential witnesses or that they were identified in interrogatory answers or other discovery documents as potential witnesses. Dkt. No. 129, #11.

The court **DENIES** the plaintiffs' motion to exclude evidence that the plaintiff has submitted claims to bankruptcy trust funds unless defendant lays the foundation to prove the bankruptcy trust fund claim submissions contain evidence of exposure which is otherwise admissible to support a claim against another entity. Dkt. No. 129, #12.

The court **GRANTS** the plaintiffs' motion to exclude evidence of how plaintiffs' lawyers are paid for their services. Dkt. No. 129, #13.

The court **GRANTS** the plaintiffs' motion to exclude evidence regarding the time or circumstances under which plaintiff employed his attorney. Dkt. No. 129, #14.

The court **GRANTS** the plaintiffs' motion to exclude evidence that the law firm of Cascino Vaughan Law Offices represents, or has been referred other cases involving, other asbestos-exposed individuals and/or asbestos product

liability actions, except to show bias of experts or of a witness who is represented by Cascino Vaughan Law Offices. Dkt. No. 129, #15.

The court **GRANTS** the plaintiffs' motion to exclude evidence that asbestos lawsuits, or the plaintiffs' claims, are in any way "lawyer-made" lawsuits or claims, or in any other way infer that such cases are generated or caused by plaintiffs' counsel. Dkt. No. 129, #16.

The court **DEFERS** ruling on the plaintiffs' motion to exclude evidence that asbestos exposures at locations or from products that were not disclosed or found to be irrelevant or speculative during the discovery process are alleged causes of the plaintiffs' injuries. Dkt. No. 129, #17.

The court **GRANTS** the plaintiffs' motion to exclude evidence that the plaintiff was required to present documentary evidence from defendant to prove the presence of its asbestos in proximity to Daniel Ahnert. Dkt. No. 129, #18.

The court **DENIES AS PREMATURE** the plaintiffs' motion to exclude evidence (as to defendant Pabst) that plaintiff has no business records, such as sales records, invoices or contracts, which prove that Pabst purchased asbestos for use at the Pabst Milwaukee Brewery or that Daniel Ahnert worked at the brewery. Dkt. No. 129, #19.

The court **ORDERS** that, as to any motions the court has denied as premature, such denials are **WITHOUT PREJUDICE**, and the moving party may raise the motion again closer to, or during, trial.

The court **ORDERS** that that if the plaintiffs wish to file a motion to reconsider the court's rulings on their Daubert motions, the plaintiffs shall file that motion by the end of the day on February 5, 2018. The defendant shall file any response to such a motion by the end of the day on February 16, 2018.

The court **ORDERS** that the parties shall confer, and attempt to agree on deadlines for filing additional information regarding Daniel Ahnert's work at Pabst, Sprinkmann's ownership structure (when the one company split into three, when some were sold out of the family, etc.), the admissibility of Lewitzke's testimony in the 10-cv-156 case and/or evidence of a settlement with any other party. The court **ORDERS** that the parties shall confer, and attempt to agree on the deadline for the plaintiffs to disclose their proposed

8

summaries for the invoices and other documents regarding the asbestos on site at the defendants' premises.

Dated in Milwaukee, Wisconsin this 4th day of January, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**